In the Matter of EMANUEL M. STOCK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 13, 1942.

*Einar Chrystie* for petitioner.

*S. S. Sherwood* for respondent.

*Per Curiam.* The admitted facts disclose that the respondent induced his client, Mrs. Barbara Licht Edwards, for whom he appeared as attorney in a divorce action in which she was the plaintiff, to make a false statement in affidavit form. The statement contained, in part, the following allegations: "9. I am now absolutely without funds. I have no position and have no means of support.

"10. Being absolutely without funds or means of support, I am unable to prosecute this action unless a counsel fee is ordered to be paid by my husband. I have not as yet paid one cent to my present attorney * * *."

At the time this statement was presented to Mrs. Edwards for signature, she had already paid the respondent the sum of $200 pursuant to an agreement to pay him $300. Mrs. Edwards at first refused to sign the statement because of the false declarations therein, but finally did so, relying on the respondent's advice. The respondent submitted this statement in affidavit form to a Justice of the Supreme Court on a motion for counsel fee and alimony. When so presented the statement purported to show that Mrs. Edwards had sworn to it before a commissioner of deeds. In support of the motion, he also submitted his own affidavit containing the following false statement: "* * * I have not received any money on account of counsel fee nor am I to receive any in the future from the moving party or from anyone on her behalf."

The court awarded a counsel fee of $50 and temporary alimony in the sum of $5 per week. The respondent received the

$50 so awarded and another part payment of $15 from Mrs. Edwards, making a total of $265 of the agreed fee of $300.

The respondent, in explanation of his procuring and filing the aforesaid concededly false affidavits, submits that this was his first divorce action. His testimony before the referee with reference to his submission to the court of a false affidavit clearly establishes the unfitness of the respondent for membership in an honorable profession. He said: "I thought it was the procedure; it was a formality; it had to be worded that way, and I told Mrs. Edwards when she read the paper in the office that she would have to sign it that way if she wanted me to go ahead with the motion for alimony and counsel fees."

An additional charge of misconduct was based on the allegation that the respondent caused a commissioner of deeds to affix his name to the statement signed by Mrs. Edwards, falsely certifying that Mrs. Edwards had appeared before him and sworn to the truth of the statements contained in the said paper. The respondent alleged in his answer to that charge that because of the absence from his office of a Mr. Wolf, the notary public who usually notarized affidavits, he had taken his client to the office of an attorney across the hall to have the affidavit sworn to. The respondent's office was then located in New York county. In the venue, the word "Queens" is written over the word "New York," which was partly erased. On the hearings before the referee, the respondent changed his version of the verification and said he had given Mrs. Edwards the affidavit to have it verified and to bring or mail it back to him. He contended that she must have done so. Because of the aforesaid inconsistencies, the referee held that "the respondent's entire testimony with respect to mitigation is regarded by me as so improbable as to be unworthy of belief."

The respondent has been guilty of five distinct acts of misconduct:

1. He has admitted his perjury.

2. He has also admitted he induced his client to make a false statement in affidavit form.

3. The referee has found that the respondent procured an improper verification of his client's signed statement.

4. The record not only sustains that finding but discloses that in an attempt to disprove that charge the respondent has given false testimony.

5. The respondent deliberately deceived the Supreme Court of this State by filing false affidavits on a motion which resulted in an award of temporary alimony and a counsel fee.

This proceeding clearly demonstrates a failure to appreciate ethical standards and a reckless disregard of the duties of a lawyer.

The respondent should be disbarred.

Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ., concur.

Respondent disbarred.